# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MASCHMEYER CONCRETE**
**COMPANY OF FLORIDA,**

  **Plaintiff,**

**v.**                                          **Case No:   6:15-cv-912-Orl-37KRS**

**AMERICAN SOUTHERN INSURANCE**
**COMPANY,**
**k**
  **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT AMERICAN SOUTHERN INSURANCE COMPANY (Doc. No. 57)** |
| **FILED:** | **February 12, 2016** |

Plaintiff, Maschmeyer Concrete Company of Florida ("Maschmeyer"), moves to strike each

of the affirmative defenses asserted by Defendant, American Southern Insurance Company

("ASIC").  ASIC opposes the motion.  Doc. No. 83.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A court

may strike an affirmative defense if the defense is insufficient as a matter of law.  "For a court to

find a defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face

of the pleadings, or (2) clearly invalid as a matter of law."  *Wlodynski v. Ryland Homes of Fla.*

*Realty Corp.*, No. 8:08-cv-361-T-JDW-MAP, 2008 WL 2783148, at \*1 (M.D. Fla. July 17, 2008) (internal citations and quotations omitted).

Motions to strike affirmative defenses are disfavored, and a court should only strike a pleading if the matter sought to be stricken has no possible relationship to the controversy, may confuse the issues, or otherwise will prejudice a party. *Id.* "An affirmative defense should survive if it comports with Rule 8(c)'s purpose—'guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial.'" *Hernandez-Hernandez v. Hendrix Produce, Inc.*, No. 6:13-cv-53, 2014 WL 726426, at \*3 (S.D. Ga. Feb. 24, 2014) (alteration in original) (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).

Maschmeyer asserts that the second, third, eighth, tenth, twelfth, fifteenth, sixteenth, seventeenth and twenty-first affirmative defenses should be stricken because they are merely denials, rather than defenses. When a party incorrectly labels a denial as an affirmative defense, the proper remedy is not to strike the claim, but rather to treat is as a denial. *Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at \* 2 (M.D. Fla. Nov. 9, 2009). Therefore, I recommend that the motion to strike these affirmative defenses be **DENIED**.

Maschmeyer asserts that the first, fourth, sixth, seventh, eleventh, thirteenth, fourteenth, nineteenth, twentieth, and twenty-third affirmative defenses should be stricken because they merely state conclusory legal theories or are not supported by facts. Federal Rule of Civil Procedure 8(b) requires only that a party "state in short and plain terms its defense to each claim asserted against it." Therefore, so long as Plaintiff is given fair notice of the defense asserted, the affirmative defense need not be supported by detailed factual allegations. *See Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at \* 3 (M.D. Fla. Nov. 8, 2013).

Each of these affirmative defenses gives Maschmeyer fair notice of ASIC's defenses.   Therefore, I recommend that the motion to strike these affirmative defenses be **DENIED**.

In its fifth affirmative defense, ASIC "asserts the affirmative defense of failure of primary obligation."   Doc. No. 57, at 8.   It further states, "Plaintiff's action is barred because no secondary obligation or suretyship undertaking can exist or be enforced without an enforceable primary obligation."   *Id.*   Maschmeyer argues that this affirmative defense fails as a matter of law because section 255.05, Florida Statutes, expressly permits a Plaintiff to initiate an action against the contractor or the surety on a payment bond.   *Id.*   ASIC responds that the fifth affirmative defense is not governed by section 255.05.   Rather, it states the defense that a surety is not liable to the creditor unless its principal is liable.   This appears to be an accurate statement of Florida law.   *See OBS Co. v. Pace Constr. Corp.*, 558 So. 2d 404, 407 (Fla. 1990).   Therefore, I recommend that the motion to strike the fifth affirmative defense be **DENIED**.

In its ninth affirmative defense, ASIC relies on the statute of frauds.   Doc. No. 57, at 10. Maschmeyer argues that the statute of frauds does not apply.   ASIC responds that, in discovery, Maschmeyer has asserted that "any additional 'agreement' for terms beyond the initial one year term stated in the writing itself was 'non-exist[e]nt."   Doc. No. 83, at 8-9.   ASIC contends that this raises an issue about some unwritten understanding.   Discovery is closed in this case.   ASIC has not identified any evidence of some unwritten understanding.   Moreover, the parties' positions as articulated in a recent hearing before me are based on the terms of several written documents, not on any oral agreements.   Because it appears the statute of frauds defense is patently frivolous on the face of the pleadings, I recommend that the motion to strike the ninth affirmative defense be **GRANTED**.

In its eighteenth affirmative defense, ASIC alleges as follows:

ASIC asserts that Plaintiff is not entitled to recover . . . because it has been paid all amounts it is entitled to receive under its contract with Conpilog.

To the extent it is discovered that the materials for which Plaintiff seeks recovery herein were defective or unable to be used for the prosecution of the work, Plaintiff is not entitled to recover from ASIC.  Plaintiff would be unjustly enriched if it was allowed to recover for materials that were defective.

To the extent it is discovered that the materials for which Plaintiff seeks recovery herein were not delivered or to be delivered to Conpilog for use on any project under Conpilog's agreement with the City of Orlando, Plaintiff is not entitled to recover from ASIC.  Plaintiff would be unjustly enriched if it was allowed to recover for materials that were not to be delivered to Conpilog for use on a project for the City of Orlando.

Doc. No. 83, at 9.  Maschmeyer contends that this affirmative defense violates Federal Rule of Civil Procedure 10(b), which requires a party to state its defenses "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  In response, ASIC persuasively argues that this affirmative defense is limited to one set of circumstances – Maschmeyer has been paid all it is owed.  Therefore, I recommend that the motion to strike the eighteenth affirmative defense be **DENIED**.

In its twenty-second affirmative defense, ASIC "reserves the right to assert and rely upon additional and/or other defenses or affirmative defenses" and its "right to supplement and/or amend its Answer and Affirmative Defenses."  Doc. No. 83, at 8.  Maschmeyer correctly argues that ASIC has no such rights at this stage of the litigation.  Therefore, I recommend that the motion to strike the twenty-second affirmative defense be **GRANTED**.

In its twenty-fourth affirmative defense, ASIC admitted or denied the allegations asserted in the complaint.  ASIC was required by Rule 8(b)(1)(B) to admit or deny the allegations, although it should have done so in the body of the answer, not in an affirmative defense.  Nevertheless, the

interests of justice will not be served by striking those admissions and denials. Therefore, I recommend that the motion to strike the twenty-fourth affirmative defense be **DENIED**.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 4, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy